IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

DANIEL KEITH LOLLEY,             :

    Plaintiff,                   :

vs.                              :    CIVIL ACTION 09-00555-CG-B

LOUISIANA CORRECTIONAL
SERVICES, *et al.*,              :

    Defendants.                  :

## REPORT AND RECOMMENDATION

Plaintiff, a prison inmate proceeding pro se and in forma pauperis, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Because Plaintiff is proceeding in forma pauperis, this Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).[1] Upon careful consideration of the Complaint (Doc.

---

[1] Section § 1915(e)(2)(B) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal –
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

4), "Supplement to Case Number 09-00555-CG-B" (Doc. 9), and the "Addendum and Supplement" (Doc. 10), it is recommended that Defendant John Doe I be dismissed without prejudice (Doc. 4); that the Supplement to Case Number 09-00555-CG-B (Doc. 9) be granted; and that the Addendum and Supplement (Doc. 10) be denied to the extent that it seeks to add as Defendants Commissioner Allen, Director Golson, and Officer Carter, and be granted with respect to Defendant Louisiana Correctional Services. By separate order the waiver of service of process documents will issue for Louisiana Correctional Services.

**I. Amended Complaint.** (Doc. 4).

**A. Standard of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding <u>in</u> <u>forma</u> <u>pauperis</u>, the Court is reviewing the Complaint (Doc. 4) and the subsequent amendments and supplements (Docs. 9, 10) under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, <u>inter alia</u>, the defendants are immune from suit, <u>id.</u> at 327, 109 S.Ct. at

---

[2]The frivolity and the failure-to-state-a-claim analysis contained in <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir.), <u>cert.</u> <u>denied</u>, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). <u>Id.</u> at 1348-49.

2

1833, or the claim seeks to enforce a right that clearly does not exist. Id.

In addition, a claim may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). In order to state a claim upon which relief can be granted, there must be "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (quoting Bell Atl, Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)). "[W]hen the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" a claim is facially plausible. Id.

Plausibility requires more than the possibility that the defendant engaged in unlawful conduct. Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Id. at ___, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)(requiring that the statement of the claim show that the pleader is entitled to relief)). And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Furthermore, the Court holds pro se complaints "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). However, a plaintiff's pro se status does not excuse compliance with the Federal Rules of Civil Procedure or the Local Rules of this District Court. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure); Local Rule 83.9(b) ("All litigants proceeding pro se shall be bound by and comply with all local rules of this Court[.]"). Nor is this Court allowed to serve as de facto counsel for a pro se litigant or to rewrite otherwise deficient pleadings in order to sustain an action. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).

**B. Analysis.**

The Complaint before the Court for screening is an Amended Complaint (Doc. 4). Plaintiff was previously ordered to refile his original Complaint because it was not on this Court's form for actions alleging violations of 42 U.S.C. § 1983. (Doc. 3). Plaintiff was advised that the amended complaint would supersede his original Complaint. (Doc. 4).

The Court's complaint form provides that those "persons who are listed as defendants in section III of the complaint are deemed by the Court to be the only defendants to this action." (Id. at 1,

4

D). The only individuals listed by Plaintiff in this section are: Louisiana Correctional Services and John Doe I. (Id. at 7). John Doe I is identified as a correctional officer at the Perry County Correctional Center ("PCCC") who allegedly mishandled Plaintiff's Native American religious items. No further identifying information is provided. Additionally, another John Doe correctional officer (John Doe II) is referenced in Plaintiff's allegations although he is not listed in this section for defendants. (Id. at 4-5).

Fictitious party practice is allowed in federal court only when sufficient identifying information is available so the defendant may be served with process. Dean v. Barber, 951 F.2d 1210, 1216 & n.6 (11th Cir. 1992) (finding that the motion to add a defendant should have been allowed because the information was sufficiently clear that one person held the post, and noting that a similar situation would exist where the governor is sued). In the present action, the undersigned finds that Plaintiff has failed to provide sufficient identifying information with respect to either John Doe I or John Doe II. Accordingly, any claims against John Doe I or John Doe II are due to be dismissed without prejudice as frivolous. In the future, if Plaintiff becomes aware of identifying information, or of the officers' names, so that service of process may issue, Plaintiff may move to add these individuals as long as it is within two years from the alleged incident. Lufkin v. McCallum, 956 F.2d 1104, 1105 (11th Cir.) (finding that the statute of limitations for

a § 1983 action is two years for an action filed in Alabama), <u>cert. denied</u>, 506 U.S. 917 (1992).

**II. "Supplement to Case Number 09-00555-CG-B" (Doc. 9) and "Addendum and Supplement" (Doc. 10).**

   **A. The Pleadings.**

Since filing the Court-ordered Amended Complaint (Doc. 4), Plaintiff has filed two documents, namely "Supplement to Case Number 09-00555-CG-B" (Doc. 9), wherein he complains of subsequent actions, and "Addendum and Supplement" (Doc. 10), wherein he seeks, <u>inter alia</u>, to add as Defendants Commissioner Allen, Central Record Director Golson, and Officer Carter. The two referenced pleadings are substantially the same except that the Addendum and Supplement contains additional information and seeks to add additional Defendants. The Addendum and Supplement, states in part:

> Plaintiff Daniel K. Lolley wishes to add to this suite filed under 42 U.S.C. § 1983, the following: Alabama D.O.C. Prisoner Commissioner. Richard Allen, Alabama D.O.C. Director of Central Records, Caroling Golson, Staton Correctional Facility, third Shift Officer Carter. August 21, 2009, ADOC inmate Daniel Lolley, filed a law suit under 42 USC 1983 for violations against said inmate of Desecration of Sacred items, no Native American Grounds with sweat lodge, at The Perry County Correctional Center.

(<u>Id.</u> at 1). Plaintiff further alleges that Officer Carter at Staton Correctional Facility ("Staton") told Plaintiff prior to his transfer from Staton to PCCC on July 17, 2009, if Plaintiff packed his Native American items, the officers would go through his

6

property and remove these items. According to Plaintiff, this is a violation of Regulation 333 which permits retention of religious items during transfer. (Id. at 2). Plaintiff contends that his two transfers from Staton to PCCC occurred just prior to the spring equinox ceremonies, and deprived him of the opportunity to participate in these ceremonies which "are intrinsic to his religious beliefs." (Id.) Plaintiff alleges that Regulation 333 requires that any institution that houses Native American inmates have a 20'x 20' ceremonial ground and that such inmates be transferred to one of the four institutions having sweat lodges in order to participate in sweat ceremonies. (Id. at 3).

**B. Applicable Law.**

"A party may amend its pleading once as a matter of course" until twenty-one days "after service of a responsive pleading or . . . of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED.R.CIV.P. 15(a). Otherwise, a party can only amend its pleading with the opposing party's consent or leave of court with "the court . . . freely giv[ing] leave when justice so requires." FED.R.CIV.P. 15(b); see Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989). When ruling on a motion to amend the complaint, "the district court may consider such factors as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

of the allowance of the amendment, [and] futility of amendment.'" Nolin v. Douglas County, 903 F.2d 1546, 1550 (11th Cir. 1990) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)), overruled on other grounds by McKinney v. Pate, 20 F.3d 1550, 1559-60 (11th Cir. 1994). Permission to amend may be denied when the claim, as amended, is subject to dismissal. See Halliburton & Assoc. v. Henderson, Few & Co., 774 F.2d 441, 444-45 (11th Cir. 1985) (to allow an amendment that is subject to dismissal is an exercise in futility). Id. at 445. Furthermore, the Court is also under a duty pursuant to 28 U.S.C. § 1915(e)(2)(B) to screen complaints and amendments filed by prisoners and to dismiss the claims that are frivolous, fail to state a claim upon which relief can be granted, and seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(I-iii).

**C. Commissioner Allen and Director Golson.**

In order to state a claim upon which relief may be granted in a § 1983 action, a plaintiff must establish a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional rights. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir.), cert. denied, 464 U.S. 932 (1983). In Plaintiff's Addendum and Supplement, he merely mentions the names of Commissioner Allen and Director Golson, references regulations and then identifies his alleged deprivations. He does

8

not describe what either Allen or Golson is alleged to have done to violate his constitutional rights. Such assertions are not sufficient because the complaint must "state with some minimal particularity how overt acts of the defendant caused a legal wrong." Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (quotation and quotation marks omitted) ("A complaint will be held defective . . . if it fails to connect the defendant with the alleged wrong") (quotation, quotation marks, and brackets omitted). In other words, an amended or supplemental complaint must be "plausible on its face." Id. at 1321 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). Because Plaintiff has not shown that his claims against Commissioner Allen and Director Golson are plausible, he has failed to state a claim against them. Thus, Plaintiff's Addendum and Supplement is due to be denied in regards to his claims against Commissioner Allen and Director Golson as those claims would be futile.

**D. Officer Carter.**

In the Addendum and Supplement, Plaintiff identifies Defendant Officer Carter as a correctional officer at Staton in Elmore, Alabama, which is located in the Middle District of Alabama. Plaintiff complains of actions allegedly undertaken by Officer Carter at Staton in Elmore, Alabama. Because Elmore, Alabama is not located in this district, venue is not proper for actions allegedly undertaken by Officer Carter in the Middle District. See 28 U.S.C.

9

§ 1391(b) (venue is proper where the defendants reside or where the incident occurred). Moreover, it is apparent that the incident at Staton is separate and distinct from the incidents which are alleged to have occurred at the PCCC, and they arise from a different nucleus of facts. Accordingly, the claims against Officer Carter would be subject to dismissal if the Addendum and Supplement was granted. See Whitfield v. Gupta, 2006 WL 418538, at *1 (S.D. Ill. Feb. 21, 2006) (unpublished) (denying plaintiff's motion to amend to add new defendants based on Fed.R.Civ.P. 20 because the claims did not arise from the same incident and instructing plaintiff to file a new action in the district where venue is proper); cf. FED.R.CIV.P. 20(a)(2) ("Persons . . . may join in one action as defendants if any right to relief is asserted against them . . . .aris[es] out of the same transactions or occurrences, or series of transactions or occurrences[.]"). Accordingly, the claims against Officer Carter are futile in regards to this action.

**III. Conclusion.**

Based upon the foregoing reasons, it is recommended that Defendants John Doe I and John Doe II be dismissed without prejudice (Doc. 4); that the Supplement to Case Number 09-00555-CG-B (Doc. 9) be granted; and that the Addendum and Supplement (Doc. 10) be denied to the extent that it seeks to add as Defendants Commissioner Allen, Director Golson, and Officer Carter, and be granted with respect to Defendant Louisiana Correctional Services.

The instructions that follow the undersigned's signature contain important information regarding objections to the Report and Recommendation.

**DONE** this the **21st** day of **May, 2010.**

                                      **/s/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).

party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this the **21st** day of **May, 2010.**

                                        /s/ SONJA F. BIVINS
                                    **UNITED STATES MAGISTRATE JUDGE**