IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL KEITH LOLLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 09-0555-CG-B |
| | ) |
| LOUISIANA CORRECTIONAL SERVICES, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On September 29, 2011, this Court adopted the Magistrate Judge's report and recommendation to grant Defendant's motion for summary judgment with respect to all but one of Plaintiff's claims. (Docs. 32 & 33). The Magistrate Judge concluded that a genuine issue of material fact existed with regard to whether the Perry County Correction Center ("PCCC") had ceremonial grounds during the relevant time period and recommended that summary judgment be denied as to Plaintiff's lack of ceremonial grounds claim brought under 42 U.S.C. § 1983. (Doc. 32 at 27).

Upon further inquiry, this Court concludes that Plaintiff is not entitled to § 1983 relief. In his Amended Complaint, Plaintiff demanded punitive damages in the amount of $50,000 and a transfer to Staton Correctional Facility ("Staton"). (Doc. 4 at 9). This court, in adopting the Report and Recommendation, dismissed Plaintiff's prayer for punitive damages (Docs. 32 at 29, 33), and Plaintiff is, as of the

date of this Order, housed at Staton.[1] See Ala. Dep't of Corr., Inmate Search Results, available at http://www.doc.state.al.us/inmresults.asp?AIS=207815&FirstName=Daniel&LastName=Lolley (last visited June 12, 2012).  Whereas Plaintiff has not alleged that he will or is likely to return to the PCCC, his claim for injunctive relief is moot.  Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) ("[A]n inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."); Harrison v. Culliver, 2008 WL 2788352, at *3 (S.D. Ala. Jul. 17, 2008) (same); see also Harkless v. Toney, 2012 WL 1946506, at *6 (S.D. Ala. Mar. 16, 2012) ("Because a claim for injunctive relief is a prospective remedy, when the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury.") (quoting Adler v. Duval Cnty. Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1997) (internal punctuation omitted)).

Accordingly, it is **ORDERED** that Plaintiff's ceremonial grounds claim be **DISMISSED AS MOOT**.  Judgment shall be entered in favor of Defendant Louisiana Correction Service and against Plaintiff Daniel Keith Lolley.

**DONE** and **ORDERED** this the 12th day of June, 2012.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

---

[1]  It appears that Plaintiff has been housed at Staton since May 2010. See Doc. 12 (notifying this Court of Plaintiff's change of address to Staton in a letter dated May 17, 2010).